UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN KNOWLES, Trustee, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:23-cv-00502-JPH-MKK |
| | ) |
| KINGERY & SONS CONSTRUCTION, | ) |
| INC., Clerk's Entry of Default Entered on | ) |
| 5/12/2023, | ) |
| | ) |
| Defendant. | ) |

**ORDER DIRECTING PLAINTIFFS TO SUPPLEMENT THEIR
APPLICATION FOR JUDGMENT IN SUM CERTAIN**

On March 21, 2023, Plaintiffs filed a complaint against Defendant Kingery & Sons Construction, Inc., seeking damages for unpaid employer contributions. Dkt. 1. Defendant have not responded or defended this case. On May 12, 2023, a clerk's entry of default was entered against Kingery & Sons. Dkt. 9. Plaintiffs then moved for default judgment. Dkt. 10. The Court later ordered Plaintiffs to supplement their Application for an Order of Judgment in Sum Certain in the amount of $9,649.01 to include more specific information regarding their calculation of that damages total. Dkt. 11.

Currently before the Court is Plaintiffs' updated Application. Dkt. 12. While the updated Application contains more detail and includes backup documentation, it still does not provide the basis for the entire amount sought. Plaintiffs are therefore **ORDERED** to supplement the updated Application **by July 7, 2023**. If they fail to do so, the Court will enter judgment in the reduced amount of $8,260.93. For future cases, counsel for Plaintiffs are

1

directed to (1) include in any application for judgment the type of supporting detail that the Court has required in this case; and (2) itemize each category included in the judgment sought along with the corresponding dollar amount, *e.g.*, unpaid contributions in the amount of $_____; liquidated damages in the amount of $_____; audit costs in the amount of $_____; and interest in the amount of $_____.

### A.  Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Kingery & Sons, dkt. 9, and Plaintiffs seek default judgment. The allegations in the complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B.  Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment

from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, Plaintiffs seek unpaid contributions, liquidated damages, audit costs, interest, and "late charges." Dkt. 12 at 1–3 (¶¶ 4, 8–9). These arrears are owing to two separate plans—(1) the Bricklayers of Indiana Retirement Plan, BAC 4 IN/KY Apprenticeship & Training Program and International Union of Bricklayers and Allied Craftworkers 4 Local of Indiana & Kentucky ("Retirement Plan") and (2) the Bricklayers & Trowel Trades International Pension Fund and Bricklayers & Allied Craftworkers International Health Fund ("Pension Fund")—so the Court will break it down accordingly. Dkt. 12. Their damages can be calculated from definite figures in Plaintiffs' evidence, so a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

### 1. Unpaid contributions

Under 29 U.S.C. § 1132(g)(2)(A), the Court shall award unpaid contributions when entering judgment in favor of a plan. In their motion, Plaintiffs don't state the precise amount of unpaid contributions they are entitled to, instead referring to a gross amount of arrears. Dkt. 12 at 2–3 (¶ 4). But a review of the attached evidence reveals that the Retirement Plan seeks unpaid contributions of $3,020.56 and the Pension Fund seeks unpaid contributions of $3,161.10. Dkt. 12-2 at 2; dkt. 12-3 at 2. The evidence includes a spreadsheet itemizing and totaling the unpaid contributions. Dkt. 12-2 at 3–8; dkt. 12-3 at 3–8.

This uncontested affidavit and supporting evidence are enough to support Plaintiffs' unpaid-contributions damages request. *See e360 Insight*, 500 F.3d at 602. The Retirement Plan is therefore entitled to $3,020.56 in unpaid contributions and the Pension Fund is entitled to $3,161.10 in unpaid contributions.

### 2. Liquidated damages

29 U.S.C. § 1132(g)(2)(C) provides for liquidated damages under the plan "not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount" of unpaid contributions. Again, it's not stated in the motion how much in liquidated damages the Plaintiffs seek. *See* dkt. 12. But the attached evidence shows that the Retirement Plan seeks $302.06 in liquidated damages and the Pension Fund seeks $632.21 in liquidated damages. Dkt. 12-2 at 2; dkt. 12-3 at 2. They have also supported that request with the relevant plan documents that provide for liquidated damages. Dkt. 12-5 at 9 (§ VIII.2); dkt. 12-6 at 16 (§ 4.05); dkt. 12-7 at 19–20 (§ 4.5(d)); dkt. 12-8 at 21 (§ 4.4(c))

In Plaintiffs' motion, they note that they can "potentially seek as much as twenty percent (20%) liquidated damages," but "it is Plaintiffs' policy to only seek ten percent (10%)." Dkt. 12 at 3 (¶ 9). But the calculation for the Pension Fund's arrears shows that it is seeking 20% in liquidated damages. *See* dkt. 12-3 at 2 (listing unpaid contributions as $3,161.10 and liquidated damages as $632.21). Despite that inconsistency, seeking 20% liquidated damages is

4

allowed under ERISA, 29 U.S.C. § 1132(g)(2)(C), so the Pension Fund is entitled to receive it.

Therefore, the attached exhibits are enough to support Plaintiffs' liquidated damages request. *See e360 Insight*, 500 F.3d at 602. The Retirement Plan is therefore entitled to $302.06 in liquidated damages and the Pension Fund is entitled to $632.21 in liquidated damages.

### 3. Audit fees

Under 29 U.S.C. § 1132(g)(2)(D), the Court shall award "reasonable attorney's fees and costs of the action, to be paid by the defendant." In their motion, Plaintiffs request audit costs of $1,145.00. Dkt. 12 at 2 (¶ 4). In support, they have provided an affidavit from Richard Wolf, the auditor, who stated that he charged $1,145.00 for his services. Dkt. 12-1 at 3 (¶ 7).

However, the attached evidence shows additional and unexplained audit fees of $589.67 that are being assessed in favor of the Pension Fund:

| FUND | AMOUNT |
|---|---|
| H&W - IHF | $2,223.80 |
| I.U. PENSION | 505.50 |
| I.M.I. | 154.24 |
| IPF PEN PROT. | 277.56 |
| Sub Total | $3,161.10 |
| Liquidated Damages | $ 632.21 |
| Interest on Contributions | $ 566.37 |
| Sub Total | $4,359.68 |
| Audit Cost (Int'l portion) | $ 589.67 |
| TOTAL | $4,949.35 |

5

Dkt. 12-3 at 2 (highlight added). Nowhere in the Plaintiffs' motion, dkt. 12, or in the auditor's affidavit, dkt. 12-1, does it discuss this $589.67 line item, how it was calculated, or whether it is duplicative of the requested audit cost.

Therefore, the Court determines that the Plaintiffs are entitled to $1,145.00 in audit costs—which is well-supported by the evidence—but the Pension Fund has not shown it is entitled to the unexplained $589.67 in additional audit fees. *See* 29 U.S.C. § 1132(g)(2)(D).

### 4. Interest

29 U.S.C. § 1132(g)(2)(B) provides for interest on unpaid contributions. Plaintiffs' motion did not discuss seeking interest, but the audit reports show that the Pension Fund seeks $566.37 in interest. Dkt. 12-3 at 2.

The governing documents entitle the Pension Fund to interest "at the rate of 15% per annum on all delinquent contributions, retroactive to the Due Date of each payment." Dkt. 12-7 at 19 (§ 4.5(c)). It's therefore possible that the $566.37 figure represents an accurate amount of interest for the Pension Fund. But there is no attached spreadsheet that shows how that number is calculated, nor is there any relevant explanation in the Plaintiffs' motion, dkt. 12, or in the auditor's affidavit, dkt. 12-1.

Therefore, the Pension Fund has not shown it's entitled to $566.37 in interest, as it is not well-supported by the record.

### 5. Late Charges

The audit report for the Retirement Plan shows a $232.04 fee for "Late Charges (Pension Fund)." Dkt. 12-2 at 2. But neither Plaintiffs nor the auditor

6

point to any authority for late charges, either in the governing documents or in ERISA.  Therefore, the Court does not find this amount supported in the record, so the Retirement Plan has not shown it's entitled to it.

### Conclusion

In sum, the Plaintiffs have pointed to definite figures—supported by affidavits and spreadsheets—that result in the following damage award:

|  | **Retirement Plan** | **Pension Fund** |
|---|---|---|
| **Unpaid contributions** | $3,020.56 | $3,161.10 |
| **Liquidated damages** | $302.06 | $632.21 |
| **Total** | **$3,322.62** | **$3,763.31** |

They have also shown they are entitled to **$1,145.00** in audit costs for a combined total of **$8,260.93** rather than the $9,649.01 requested.

Plaintiffs are therefore **ORDERED** to supplement the updated Application **by July 7, 2023**, to show why they believe they are entitled to (1) $589.67 in additional audit costs; (2) $566.37 in interest; and (3) $232.04 in late charges. Any response must be accompanied by sufficient supporting evidence, including affidavits or detailed spreadsheets.  If they fail to do so, the Court will enter judgment in the reduced amount of $8,260.93, rather than the $9,649.01 sought.

**SO ORDERED.**

Date: 6/20/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel